IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| John Harold Green, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-G-2140-E |
| ) | |
| Heritage First Bank, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

This matter is before the court upon the motion of Appellee to dismiss the appeal. The appeal in the instant action was docketed November 14, 2008. Appellee filed its motion to dismiss December 11, 2008. Pursuant to the filing of the motion to dismiss, the court entered an order requiring any opposition to the motion to be filed on or before January 5, 2009. Additionally, the court ordered that if Appellant filed nothing in opposition to the Appellee's motion by January 21, 2009, "*the court will consider the motion to be unopposed.*" [Doc. # 4 (emphasis in original).]

On December 26, 2008, the Appellant filed a motion to extend the time for filing of Appellant's brief on the merits until Appellee's motion to dismiss was ruled on. Appellee objected to the motion for extension of time. The Appellee's motion to dismiss, in addition to raising the issue of Appellant's failure to prosecute the action by filing a brief, raised questions as to the timeliness and mootness of the appeal. For this reason, the

court stayed the briefing on the merits until those preliminary matters were determined. However, the court ordered the Appellant to file a brief in opposition to Appellant's motion to dismiss by January 21, 2009. [Doc. # 7] Additionally, the court ordered that if Appellant filed nothing in opposition to the Appellee's motion to dismiss by January 21, 2009, "**the court will consider the motion to be unopposed.**" [Doc. #7 (emphasis in original).] This in effect gave the Appellant an additional two weeks to file a response to Appellee's motion to dismiss.

The Appellant did not file a brief prior to the January 21 deadline. On January 28, 2009, the Appellant filed a two page brief. [Doc. #8] In that brief Appellant offered no excuse for failing to timely file his appellate brief within the time limits set out in Bankruptcy Rule 8009(a)(1). Nor did the Appellant offer any excuse for failing to file a brief opposing Appellee's motion to dismiss by the deadline required by the court in its scheduling order entered January 7, 2009. The Appellant essentially argues in brief that even though his motion to alter or amend was untimely filed in the bankruptcy court, the doctrine of res judicata prevents this court from considering whether the motion to alter or amend was timely filed. Appellant's argument is as follows:

> The Appellee should have made a proper motion to the Bankruptcy Court prior to the Bankruptcy Court's Order of adjudication on the Appellant/Debtor's Motion to Alter, Amend or Vacate via the Judgment dated August 26, 2008. The Appellant/Debtor's Motion to Alter, Amend or Vacate falls under the doctrine of res judicata. The doctrine of res judicata also applies to the Appellee's contention that the appeal of the Bankruptcy Court's denial of the Appellant/Debtor's Motion for sanctions, Writ of Possession and Stay of Sale of the Foreclosed property [sic].

2

(Doc. # 8 at page 1.) This argument borders on the ridiculous. Appellant's argument is essentially that a late filed motion to alter or amend may extend the time limit for appeal in the event the bankruptcy court considers the merits of the motion. The doctrine of res judicata is inapplicable.

Bankruptcy Rule 8002(a) requires that the notice of appeal shall be filed within 10 days. Bankruptcy Rule 8002(b) provides that the time for appeal is extended in the case of certain specified motions that are timely filed.[1] There is no provision under the rules that allows a bankruptcy court's action on an untimely motion specified in Rule

---

[1] Bankruptcy Rule 8002(b) provides as follows:

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

(4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

8002(b) to extend the time limit for filing an appeal.  The Appellant's response makes clear that his appeal is a challenge of the underlying decision of the bankruptcy court entered July 16, 2008.  Appellant's motion to alter or amend was filed more that 10 days later on August 7, 2008, and was, therefore, ineffective to extend the time limit for appealing the July 16, 2008, order of the bankruptcy court.

## CONCLUSION

Appellant failed to timely file his brief on the merits.  He has offered no reason for that failure.  Appellant's only argument against Appellee's motion to dismiss is without merit and is contained in an untimely response to this court's order requiring the Appellant to file a response by January 21, 2009.  That order provided that if Appellant failed to timely file a response, the court would consider the motion to be unopposed.  Appellant has offered no excuse for his failure to file a timely response.  Accordingly, because of Appellant's failure to file a response as ordered by the court, the court will deem Appellees' motion to be unopposed.  Failure to comply with the court's orders must have consequences.  Because Appellee' motion to dismiss the appeal is unopposed, an order will be entered contemporaneously herewith dismissing the appeal.

DONE and ORDERED 30 April 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4

Case 08-40035-JJR   Doc 90   Filed 05/01/09   Entered 05/01/09 09:13:34   Desc Main Document   Page 4 of 4